

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2009

# USA v. Kennel

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

### Recommended Citation

"USA v. Kennel" (2009). *2009 Decisions*. Paper 1835.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1835

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.08-1325
_____

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT W. KENNEL,

Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. 02-cr-00433-002)
(Honorable Petrese B. Tucker, U.S. District Judge )

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on February 2, 2009

Before: McKEE, and STAPELTON, *Circuit Judges* and IRENAS[*] *Senior District Judge*

(Filed: February 23, 2009)

**OPINION OF THE COURT**

---

[*] Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

McKEE, Circuit Judge

Robert Kennel appeals the sentence of 210 months imprisonment that was imposed after he was resentenced on counts of an indictment that arose from his participation in several commercial robberies as well as his illegal possession of a firearm. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties who are familiar with this case, it is not necessary to recite the facts or history except as may be helpful to our brief discussion. Kennel argues that the district court procedurally erred by failing to give meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a). He stresses that the district court failed to "even mention" the history and characteristics of the defendant before resentencing him. Appellant's Br. at 18.

We review the sentence for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 587 (2007). In doing so, we must first ensure that the district court "committed no significant procedural error, such as ... failing to consider the 3553(a) factors. . . ", and we then consider the "substantive reasonableness of the sentence imposed under the abuse-of-discretion standard." *Id.* The district court is required to consider each of the Section 3553(a) factors and "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). However, the court does not need to engage in a robotic recitation of the statutory text. *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir.

2

2007).

## II.

After reviewing the transcript from the sentencing hearing, we conclude that the district court meaningfully considered the sentencing factors set forth in § 3553(a), and that the court appropriately and reasonably applied them to Kennel's circumstances.

In imposing the sentence, the court explained:

> the court made a finding that you were a danger to this community, you needed a sentence to promote respect for the law and I needed to make sure you don't engage in that kind of conduct in the future. So I took all of that into consideration and I have to continue to take all of that into consideration.

*App.* 45. The district court stated that it was basing its sentence on "all of the factors." *App.* 47. Kennel is actually arguing that the district court imposed a sentence designed only to incapacitate while ignoring other considerations. We agree that the primary objective of the sentence may have been incapacitation. However, in addition to the explanation quoted above, the court also explained that it considered "the seriousness of the offense" and the need to deter others from the kind of violent conduct the defendant had engaged in. Given the totality of the circumstances here, including, any positive steps Kennel may have taken since his initial sentencing, incapacitation for 210 months is clearly reasonable under § 3553(a).

Kennel argues that he did not physically injure anyone and reiterates his post-sentencing rehabilitation. While it is true that none of the victim's suffered physical injury during any of the robberies, that can not mitigate the danger the victims were placed in. It also ignores the psychological and emotional damage that Kennel's actions must have resulted in. Nevertheless, the district court did select a sentence in the lower end of the advisory guideline range in order to

3

factor the absence of physical injury into the sentence.

Kennel focuses on his contention that the district court abused its discretion by failing to consider his rehabilitative efforts after his first sentencing. However, we have explained that "a court, except in unusual cases, should consider only conduct and circumstances in existence at the time of the original sentencing when it resentences following a *Booker* remand." *United States v. Lloyd*, 469 F.3d 319, 325 (3d Cir. 2006). Even if we assume the sincerity of his efforts, post-sentencing rehabilitative efforts are not an appropriate basis to reduce a sentence except in "unusual cases." *Id.* We see nothing on this record that would establish the "unusual" exception to the rule.

## III.

For the above reasons, we conclude that the district court did not err either procedurally or substantively and therefore affirm the judgment of sentence that was imposed.